## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

JULIET NJERU,

                         **Plaintiff,**

    -against-

AON SERVICE CORPORATION and AON ADVANTAGE FUNDS, LLC.

                        **Defendant.**

**No. 25 Civ. 624 (LAP)**

## STIPULATION AND ~~[PROPOSED]~~ PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

WHEREAS, all the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue this protective order pursuant to Federal Rule of Civil Procedure 26(c) ("Protective Order") to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case; and

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or a third-party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of this Protective Order.

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the Parties to this action, their representatives, agents, experts, and consultants, all third-parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.      Counsel for any Party may designate any document, information contained in a document, information revealed in an interrogatory response, information revealed during a deposition, or any other information of any kind produced or disclosed pursuant to and in the course of discovery in this action, as "Confidential" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client from the disclosure of nonpublic and confidential information and/or a third-party to whom a duty of confidentiality is owed. "Confidential" information or documents may be referred to collectively herein as "Confidential Information."

2.      Information and documents designated as confidential are to be stamped "Confidential." With respect to deposition transcripts, a producing party or that party's counsel may designate such portion as "Confidential" either by: (a) indicating on the record during the deposition that a question calls for Confidential Information, or (b) after the deposition, notifying the reporter and all counsel of record, in writing, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated "Confidential."

3.      Unless ordered by the court or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action and any appeals thereof. For the avoidance of doubt, nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action.

4.      Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the receiving party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to the Court.

5.      In the event that a Party challenges another Party's designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each Party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable laws and court rules.

6.      Information or documents designated by a producing party as "Confidential" shall not be disclosed by a receiving party to any other person except:

      a.      The receiving party and counsel retained for this action, including in-house counsel;

      b.      Employees of such counsel assigned to and necessary to assist in the litigation;

      c.      The Court (including any appellate court, and the clerk(s), court reporter or stenographer, or other Court support personnel having access to Confidential Information by virtue of his or her position with the Court), and stenographers engaged to transcribe depositions conducted in this action, or the jury at trial;

      d.      Outside vendors and service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter;

      e.      Subject to the conditions set forth in Paragraph 8 below: any mediator or arbitrator who the Parties engage in this matter or that the Court appoints;

      f.      Subject to the conditions set forth in Paragraph 8 below: consultants or experts in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

g.    Subject to the conditions set forth in Paragraph 8 below: any person from who testimony is taken or is to be taken in this action, except that such a person may only be shown Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information.

7.    Prior to disclosing or displaying Confidential Information to any person, counsel shall:

a.    inform the person of the confidential nature of the information or documents; and

b.    inform the person that this Court has enjoined the use of the information or documents by the person for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

8.    The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 6(e), (f), and (g) only on condition that prior to any such display each person must sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event that such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

9.    The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided the material is designated pursuant to the procedures set forth herein prior to the trial of this action. If so designated, the document or information shall henceforth be treated as Confidential Information subject to all of the terms of this Protective Order.

10.    Nothing in this Protective Order will prevent any Party in receipt of Confidential Information from a producing party from producing such Confidential Information in its possession in response to a lawful subpoena or other compulsory process, or if required to produce such information by law or by any government agency having jurisdiction; provided, however, that such Party receiving a request, will provide written notice to the producing party before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least ten (10) days before any disclosure. Upon receiving such notice, the producing party will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing party deems it appropriate to do so.

11.    Any Party that wishes to file information designated as "Confidential" under the terms of this Protective Order, including in connection with any pleadings, motions or other papers filed with the Court that includes or otherwise summarizes Confidential Information, shall seek to file such information under seal and shall follow the Court's procedures and practices to request the same.

12.    This Protective Order shall survive the termination of the litigation. At the conclusion of the litigation, the Confidential Information and any copies thereof shall be promptly (and in no event no later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that such files will remain confidential.

13.     The production of privileged or otherwise protected documents, whether inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by law, including the broadest protection afforded by the Federal Rule of Evidence 502(d).  Nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

14.     Confidential Information shall not be loaded, imported, submitted, or otherwise transferred to a publicly accessible Large Language Model ("LLM") or Artificial Intelligence ("AI") platform. Before a receiving party submits any produced Confidential Information to a closed (not public, e.g. limited only to an enterprise or entity) generative AI or LLM tool, the receiving party shall make reasonably sure that it can delete and in fact delete all produced Confidential Information from the tool at the end of the action. The parties shall meet and confer in an attempt to resolve any privacy and security concerns regarding the use of any other LLM or AI platforms before any such platforms are used by the receiving party.

15.     Any party in possession of another party's Confidential Information shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such information.

The foregoing is without prejudice to the right of any Party to apply to the Court for any further Protective Order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Protective Order. This Protective Order may be enforced by any Party and any violation of this order may result in the imposition of sanctions by the Court. The Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated:   September 18, 2025

KESSLER MATURA P.C.                          LITTLER MENDELSON, P.C.


Troy L. Kessler                                       _/s/ Jessica Pizzutelli_____
Tana Forrester                                       Jessica Pizzutelli
Kessler Matura P.C.                              Littler Mendelson, P.C.
534 Broadhollow Road, Suite 275         375 Woodcliff Drive, Suite 2D
Melville, NY 11747                              Fairport, NY 14450
(631) 499-9100                                    (585) 203-3400
tkessler@kesslermatura.com                 jpizzutelli@littler.com
tforrester@kesslermatura.com
                                                            *Attorneys for Defendants*

*Attorneys for Plaintiff*

SO ORDERED:    9/22/2025

_Loretta A Preska_
Hon. Loretta A. Preska
United States District Court Judge

**Exhibit A to Stipulation and Order Regarding Confidential Information**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled: *Njeru v. Aon Service Corporation and Aon Advantage Funds, LLC,* No. 25 Civ. 624 (LAP) have been designated as confidential. I have been informed that any such documents or information labeled "Confidential" are to be treated by me as confidential by Order of the Court. I acknowledge that I have read and understand the Protective Order in this case governing the non-disclosure of confidential information.

I hereby agree that I will not disclose any confidential information to any other person. I further agree not to use any such information for any purpose other than this litigation.

By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.


DATED:_____


_____

Signature


_____

Name


Signed in the presence of:


_____

(Attorney)